## THE CITY OF TOPEKA v. CHARLES HEITMAN.

1. DISORDERLY CONDUCT — *Complaint.* A complaint charging that H., on the 6th day of July, 1889, at the city of Topeka, county of Shawnee and state of Kansas, unlawfully and willfully disturbed the peace and quiet of the city of Topeka, by the use of loud, profane and inde. cent language, states an offense under § 22 of ordinance 861 of said city.

2. FINDING — *Evidence.* The evidence examined, and *held* sufficient to support a finding by the jury that the peace of the city was disturbed by the defendant as alleged.

3. INSTRUCTIONS — *Exception, General and Indefinite.* The exception to the last instruction given by the court to the jury is too general and indefinite to save any objection to the instruction, except the usual one that it does not correctly state the law of the case. It is not sufficiently specific and certain to save the question whether or not the giving of the instruction after the jury had partially considered the case is error.

*Appeal from Shawnee District Court.*

PROSECUTION by the *City of Topeka* against *Heitman* for disturbing the peace. From a judgment of conviction, at the September term, 1889, the defendant appeals.

*H. C. Root,* for appellant.

*S. B. Isenhart,* city attorney, for appellee.

Opinion by STRANG, C.: July 8, 1889, a complaint was made to the police court of the city of Topeka, charging that, on the 6th of the same month, the defendant, Charles Heitman, disturbed the peace and quiet of the city of Topeka by the use of loud, profane and indecent language. July 12, the defendant was tried in said police court and convicted, from which conviction he appealed to the district court of Shawnee county, where, on October 11, 1889, he was tried, and again convicted, and fined $30 and costs. From this last conviction and judgment he appeals to this court, and alleges that the complaint and warrant upon which he was arrested do not charge an offense. Upon this question counsel for defendant.

says, that the prosecution was brought under § 21 of the city ordinance, and then proceeds to argue that the complaint fails to state a cause of action. The greater part of the defendant's brief is occupied by the argument that the complaint does not state a cause of action under said § 21. But the city claims that the prosecution is under § 22 of the city ordinance, and the record shows that the case was tried in the court below upon the theory that the prosecution was had under § 22. The court in its charge to the jury says the complaint is under § 22 of ordinance 861, and then quotes the operative words of the section. The case having been tried by the court below under § 22 of the ordinance, we must treat the prosecution as having been brought under that section. That part of § 22 of ordinance 861, as quoted by the trial court in its charge, reads as follows: "If any person shall disturb the quiet of the city, he shall be punished by a fine of not less than $3, nor more than $100." We think the complaint charges an offense under § 22. It charges a disturbance of the peace by the use of loud, profane and indecent language. The peace may have been disturbed by loud talk alone. But we also think to call a man "a damn fool and a bastard," is the use of indecent language, and the peace of the city may have been disturbed by the use of such language. The jury found the peace of the city was disturbed by the defendant.

The defendant alleges that the court erred in calling the jury back into the court-room and giving them additional instructions. The city contends that the court did not thereby commit error; and also, that if it did, the defendant did not except to the time and manner of giving the instruction, but only to the law thereof, and has not therefore saved the question he now urges in the brief. We think the exception is too general to raise the question argued by the counsel making it. The language of the exception is as follows: "To the giving of the above and foregoing instruction, and to all the instructions, the defendant at the time duly excepted and excepts." There seems to be no distinction between the character of the exception to the last instruction and that which

relates to the other instructions.  There is nothing in the language of the exception to the last instruction different from that in the exception relating to the other instructions, and nothing in the language of the exception that indicates any objection to the time or circumstances under which it was given.  We do not think the attention of the court was called to the fact that the objection was to the time of giving the instruction and the circumstances under which it was given.  There is nothing in the record showing that counsel for defendant desired to reargue the case to the jury after the last instruction was given.  If he had asked such privilege and it had been accorded him, no error could have been assigned on account of such instruction.  Inasmuch as the counsel was present when the last instruction was given, and did not indicate to the court after it was given his desire to reargue the case, so far as affected by said instruction, it is a serious question whether he did not by his silence waive his right.  But we think no proper exception was saved as to the time of giving the objectionable instruction, and therefore the alleged error in connection therewith is not available.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.