Hale, J.
The case of John Biliington against Christine Hoverman is a proceeding in error pending in this court, in which the plaintiff in error seeks to reverse a judgment that the defendant in error obtained against him. The defendant in error in her petition charged that the plaintiff in error, Biliington, and one C. L. Tyler, hadunlawfuiiy caused her arrest and imprisc nment,and she sought to recover compensation for injuries which she had sustained by reason of such arrest and imprisonment.
The answer of the defendant was that Tyler was the president of the board of trustees of the hamlet of -Lakewood, and that Biliington was the marshal of said hamlet; that the arrest was made and the imprisonment of the defendant caused for a violation of an ordinance cf the hamlet which justified that arrest.
The first point made in behalf of the defendant in error-is that the ordinance under which the arrest and imprisonment was had and under which the officers justify, was il- *638 legal and void for the want of power in the hamlet to pass the ordinance. The second section of the ordinance, the one which the defendant in error was charged with having violated reads:
“It shall be unlawful for any person to commit any indecent, immodest, lewd and filthy act, or utter any lewd, lascivious or filthy words, or use any scandalous, obscene, indecent or profane language in the presence- of any other person or persons, or make any immodest, obscene or insulting motions or gestures to or about any other person publicly in the hamlet. Any person violating this ordinance shall be punished as here provided.”
We think this ordinance is a valid one, and that full authority is given to the hamlet to pass such ordinance, by section 1658, Revised Statutes of the state — the second and tnird subdivisions of that section.
Going to the transaction, it appears from the record here that the defendant in error was arrested about 12 or 1 o’clock of the night of the 18th of August, 1894; that she was taken immediately before the president of the board of trustees, Tyler, whose duties were similar to those of mayor of municipal corporations, an affidavit filed, a warrant issued, trial and conviction had and a commitment to the county jail. The arrest,it will be seen,took place prior to the filing of the affidavit, but the prisoner was taken immediately before the president of the board cf trustees.
The trial court ruled that the proceedings before the president of the board of trustees were a complete protection to the officers for all that was done after the filing of the affidavit, since the trial resulted in a conviction. But the' trial court also in substance Held that the officer’s liability in this action for the arrest and the transactions prior to the filing of the affidavit, was to be determined wholly independently of the fact that there had been a trial and conviction for the offense for which the defendant was arrested. The jury were permitted to pass not only upon the question whether the.arrest was made on view of the transaction, but permitted to pass upon the question whether the defendant in error was guilty of that transac-tion, although the arrest was made on view of it, whatever it was. It will readily be conceded that if the arrest had been made under the authority of a warrant issued by the mayor after affidavit filed,followed by conviction,no action could be maintained against the officer for making the ille-gal arrest. The record of the trial and conviction would in *639 such case be a complete vindication of the offioér. At common law the officer was authorized and empowered to make arrest on view for a felony, to apprehend one in the act of the commission of a felony. And if trial and conviction followed the offense tor whioh the arrest was made, the officer was accorded the same protection as if the arrest had been made under the authority of a warrant. Bear in mind that I say if the trial and conviction followed for the identical offense for which the party was arrested, the result is as I have stated. By statute in this state the right to arrest on view has been extended,and now includes violations of the statutes of misdemeanors, and abo ordinances. Section 7129, Revised Statutes provides:
“A sheriff, deputy sheriff, constable, marshal or deputy marshal, watchman, or police officer, shall arrest and detain any person found violating any law of this state, or any legal ordinance of a city or village, until a legal warrant can be obtained.”
We are of the opinion that whether the arrest is made under a warrant or in pursuance of the authority given by this statute, and the person arrested is tried and convicted of.the offense for which the arrest is made, the officer is fully protected from a civil action by the party arrested. The oonviction is conclusive of the right of the officer in making the arrest, if the conviction was for the offense for which the arrest was made, and to the same extent as if the arrest had been made under a warrant. If the trial and convictiou were for an offense other than that for which the arrest was made,whether by warrant or on view,it is no protection as a matter of law. It«vculd be competent undoubtedly to show if such was the fact,’ that the arrest was made upon information given to the officer, and net on view. Just what effect should be given to that fact if established, it is unnecessary now to decide. It clearly appears that the arrest and conviction in this case were for the same offense. The record plainly discloses the fact that the defendant in error was arrested, tried and convicted of an offense under an ordinance which we hold to be a valid enactment, and that she now seeks to hold the officers making the arrest responsible in a civil action, to her in damages for the injury resulting from that arrest. When called to an account bj the municipality for the violation of one of its ordinances, she is in the forms prescribed by law adjudged guilty of an offense, and yet for that same .transaction she seeks to call the officer making the arrest *640 to an acoount to her for the arrest made. She is guilty when prosecuted by the municipality, not guilty when she-prosecutes the officer making the arrest. The record of-this case clearly establishes the fact, and any other finding: would be against the evidence,that the arrest was made for an offense under this ordinance; that the defendant was-taken immediately before the president of the board of trustees, an affidavit filed,a warrant issued,and the prosecution proceeded in the was pointed out by the statute. We think that that conviction is conclusive upon the rights of the-officer who made the arrest.
Some miner questions are made in the case, one whether-the record of the proceeding before the president of the board of trustees was properly in evidence. It was offered in evidence under objection, and subsequently a ruling had which counsel for defendant claims excluded it entirely from the case,while counsel for plaintiff claims that it wassnill left in the case. It was not very clear who is right. On page 37 of the reoord it appears that counsel for the officer asked the court to exclude certain evidence from the consideration of the jury.
“We now move that all testimony in this case relating to anything whioh happened or took place from and after the time of making the affidavit,and the issuing of the warrant-be taken from the jury.
“To the granting of which motion plaintiff objected.
“The Court: The court is of the opinion that the motion to strike from the record the testimony concerning the-transaction subsequent to the issuing of the warrant should-fa e granted.
“To which ruling of tire court the plaintiff then and there-excepted. ”
Then further: “In order to save time, your Honor, we will now move that the case be taken from the jury and that they be directed to return a verdict for the defendant Billington on the strength of the affidavit and on the judgment of the court whioh has been offered in evidence. Which said motion was refused and overruled by the court; to which ruling the defendant then and there excepted.”
We are of the opinion that the court did net intend to-tales from the jury the record of that transaction and conviction so far as it had any legitimate bearing upon what preceded the filing of the affidavit. And that position is strengthened by the ruling of the court as appears on pages 90 and 91 of the record. The court sustained an objection *641 ■to the introduction of certain evidence. Counsel then said they proposed showing that the judgment, referring tc the judgment before the mayor, was rendered in relation to the facts in the case at the time the arrest was made; shewing that both court and counsel were dealing with that, record ■later on in the case.
Dickey, Brewer & McGowan, and Hadden & Parks Bros., Attorneys for Plaintiff in Error, John Billington.
C. L. Tyler, W. C. Rogers and H. M. Bull, Attorneys fer Defendant in Error, Christine Hoverman.
So far as the petition in error filed by Billington is con•cerned, w'e are of the opinion that the motion for a new trial, in view of the charge and the evidence offered in the ■case, should have been granted, for,the reason that the verdict of the jury was against the evidence and the law of the •case.
A cross-petition was filed in behalf of the defendant in error here, to reverse the judgment entered in behalf of the president of the board of trustees. At the close of the evidence offered by the plaintiff below, the court directed a verdict in favor of Tyler, president of the board of trustees, ■and that is sought tc be reversed. Without going into a discussion of the merits, the court we think was right in ■the rulings in that regard, and that the mayor was fully protected by the record of the proceedings before him that were offered in evidence.
The judgment of the court of common pleas will be reversed and the cause remanded.