[No. 11631.  Department One.  January 21, 1914.]

C. R. PIERCE, *Appellant*, v. JOHN R. MITCHELL, *as Judge, et al., Respondents.*[1]

FALSE IMPRISONMENT—ACTION—DEFENSES—JUDGMENT OF CONVIC-
TION—ACQUIESCENCE IN.  An action for false imprisonment under a
judgment and conviction for contempt cannot be maintained where
plaintiff took no appeal from the judgment or sought to review it in
any way, but confessed its validity by paying the fine imposed.

Appeal from a judgment of the superior court for Thurs-
ton county, Albertson, J., entered February 26, 1913, dis-
missing an action for false imprisonment, upon motion for
judgment on the pleadings.  Affirmed.

*Cecil R. Pierce, pro se.*

*Thomas M. Vance* and *John M. Wilson,* for respondents.

PER CURIAM.—The plaintiff in this action, on information
filed by the former prosecuting attorney of Thurston county,
was cited to appear in the superior court for that county
for an alleged contempt of court committed by the writing
of a letter to the judge of that court containing scandalous
and contemptuous matter touching a cause therein pending.
He was tried, convicted and sentenced to pay a fine of $50
and costs, and was, by the court, remanded to the custody
of the sheriff until the same should be paid.  After remain-
ing in jail for a few days, the defendant in that action, plain-
tiff here, paid his fine and costs and went his way.  No ap-
peal was taken from that judgment and, on the record, its
legality therefore stands confessed.  Some months after his
discharge, the plaintiff brought an action against the pre-
siding judge who sentenced him and the sheriff who carried
out the sentence, claiming damages for his conviction, sen-
tence and imprisonment in the sum of $10,000.

[1]Reported in 137 Pac. 1008.

We find it unnecessary to review the pleadings in this case further than to say that the complaint seeks to allege the facts as constituting false imprisonment, and the answer sets up in justification the judgment of contempt, the payment of the fine and the fact that no appeal was ever taken from the judgment. The fact of payment, the reply admits. Upon the record so constituted, the defendants moved for judgment on the pleadings. The motion was heard before Honorable R. B. Albertson, presiding judge, all parties being present by counsel. The motion was granted, and the action was dismissed with costs.

It is obvious that, if the appellant was legally convicted and imprisoned in the contempt proceeding, neither the judge who pronounced the sentence, nor the sheriff who carried it out, can be made to respond in damages for so doing. The plaintiff, never having appealed from the conviction in the contempt proceeding, and never having sought to review that proceeding by *habeas corpus* or otherwise, but having, in effect, acquiesced therein and having confessed the validity of the judgment by paying the fine, cannot now question its validity or make his imprisonment thereunder the basis of an action for damages.

The judgment is affirmed.