[No. 13695. Department, One. March 26, 1917.]

GEORGE WILLIAMS, *Appellant*, v. FRED BROOKS,
*Respondent*.[1]

FALSE IMPRISONMENT—ACTIONS—JUSTIFICATION—PLEA OF GUILTY.
An action for false imprisonment does not lie where plaintiff, upon
being arrested, pleaded guilty to the offense charged and paid the
fine imposed by a justice of the peace, thereby establishing that the
arrest was justifiable.

CRIMINAL LAW — JUDGMENT — CONCLUSIVENESS — COLLATERAL AT-
TACK—JURISDICTION. After pleading guilty to a statutory offense and
paying the fine imposed by a justice of the peace, from which no
appeal was taken, the judgment cannot be collaterally attacked in
an action for false imprisonment on the ground that the statute had
been repealed and that the justice was without jurisdiction.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 9, 1916, upon granting
a nonsuit, dismissing an action for false imprisonment. Af-
firmed.

*Walter B. Allen*, for appellant.

*F. C. Kapp, Geo. C. Meade*, and *John B. Hart*, for re-
spondent.

MORRIS, J.—Appeal from judgment of dismissal in an
action for false imprisonment. The facts upon which the
court below acted are these: Appellant was arrested by re-
spondent and taken before a justice of the peace, where a
complaint was sworn to charging appellant with a violation
of Rem. & Bal. Code, § 2825, making it a misdemeanor for one
to hunt upon inclosed lands without consent of the owner when
notices forbidding such act are posted upon the premises.
Appellant pleaded guilty to the charge, was fined by the jus-
tice, and the fine paid. Subsequently this action was brought.
Appellant, having pleaded guilty and paid a fine, thereby
lost any right of action based upon any theory of a false or
illegal arrest. Had appellant entered a plea of not guilty,

[1]Reported in 163 Pac. 925.

submitted to a trial and suffered conviction, the judgment could not be of any greater verity than that entered upon his plea of guilt. Either judgment would have established as a fact that his arrest was not false but justifiable. *Pierce v. Mitchell,* 77 Wash. 453, 137 Pac. 1008; *Jones v. Foster,* 43 App. Div. 33, 59 N. Y. Supp. 738; *Neimitz v. Conrad,* 22 Ore. 164, 29 Pac. 548; *Erie R. Co. v. Reicherd,* 166 Fed. 247, 20 L. R. A. (N. S.) 295.

Appellant seeks to evade this rule by asserting Rem. & Bal. Code, § 2825, was repealed by the criminal code of 1909 (Rem. Code, § 2665). Whether it was or not is not now subject to inquiry by appellant. He has permitted the judgment of his conviction to become final and conclusive, and no question can now be collaterally raised as to its validity. Whether or not appellant had violated any law was within the determinable jurisdiction of the justice of the peace. Any erroneous determination of that jurisdiction cannot be inquired into in this action. *Hayes v. Hutchinson & Shields,* 81 Wash. 394, 142 Pac. 865; *Bohri v. Barnett,* 144 Fed. 389.

The judgment is affirmed.

Ellis, C. J., Chadwick, Main, and Webster, JJ., concur.