[Civil No. 1874. Filed March 5, 1921.]

[195 Pac. 986.]

## J. G. CROWLEY, Appellant, v. LOUIS E. RUMMEL, Appellee.

1. FALSE IMPRISONMENT—UNFAIRNESS OR INJUSTICE OF CONVICTION IS IMMATERIAL.—In an action for false imprisonment in connection with plaintiff's arrest for vagrancy, it is immaterial how unfair or unjust plaintiff's conviction was, or whether it was supported by evidence if there was a conviction; his remedy, if dissatisfied, being by appeal.

2. FALSE IMPRISONMENT—CONVICTION ISSUE TO BE SUBMITTED TO JURY. In an action for false imprisonment in connection with plaintiff's arrest for vagrancy, where there was a dispute as to whether any

---

1. Plea of guilty as affecting action for illegal arrest, false imprisonment, or malicious prosecution, is discussed in a note in 20 L. R. A. (N. S.) 295.

formal complaint was made and whether there was in fact a trial and conviction, such issue of fact should have been submitted to the jury.

3. FALSE IMPRISONMENT—COMPLAINT ESSENTIAL TO CONVICTION FOR VAGRANCY.—If no formal complaint was actually made against plaintiff on his arrest for vagrancy, the magistrate's court acquired no jurisdiction to try or convict him.

4. FALSE IMPRISONMENT—INSTRUCTION ON ISSUE OF CONVICTION HELD IMPROPERLY REFUSED.—In an action for false imprisonment in connection with plaintiff's arrest for vagrancy, where plaintiff claimed that he was released without any complaint being made, while defendant and the magistrate testified that a complaint was made, and plaintiff was tried and convicted, but sentence was suspended, an instruction requested by defendant that, if such was the case, plaintiff could not recover, should have been given, and its refusal was error, where the court gave no instruction bearing on the effect of the conviction.

5. EVIDENCE—PLAINTIFF, SUING FOR FALSE IMPRISONMENT, COULD SHOW THAT THERE WAS NO COMPLAINT, TRIAL, OR CONVICTION, NOTWITHSTANDING RECORD.—In an action for false imprisonment in connection with plaintiff's arrest for vagrancy, though the record of the police magistrate showed a complaint, trial, and conviction, plaintiff could prove that there was no complaint, trial, or conviction, such evidence not contradicting or impeaching the record, but showing that the facts upon which it purported to be founded were nonexistent.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Reversed and remanded, for new trial.

Mr. Le Roy Anderson, for Appellant.

Mr. F. C. Struckmeyer and Mr. R. B. Westervelt, for Appellee.

ROSS, C. J.—Suit by plaintiff against defendant for false imprisonment.

Defendant in his answer denied that the imprisonment was unlawful, and set out therein that he was acting as a peace officer (chief of police of the town of Jerome), and, as such, arrested and imprisoned plaintiff in the town jail for vagrancy, as defined in

Ordinance No. 88 of the town of Jerome, and that plaintiff was found guilty thereof and sentenced. He also demurred to plaintiff's complaint as not stating a cause of action. Demurrer was overruled, and, upon a trial before a jury, plaintiff obtained a verdict and judgment for five hundred dollars. Defendant appeals from the order denying his motion for a new trial, and from the judgment. The errors assigned and argued are the misdirection of the jury and the refusal to direct the jury as requested by defendant. In order to get an understanding of these assignments, it will be necessary to state some of the material facts as brought out on the trial.

The arrest was made on September 22d, on the streets of Jerome, without a warrant, between the hours of 4 and 5 o'clock P. M. The afternoon of September 23d, at 2 o'clock, plaintiff was taken from the jail before the police judge, and the evidence is sharply in conflict as to what took place when his case was called for trial. Plaintiff says that he was told by the judge that he was charged with vagrancy; with associating with gamblers and prostitutes; that the judge read the law defining vagrancy; that he denied being a vagrant and pleaded not guilty; explained to the judge that he was a working man and the places where he had been working; admitted that he sometimes gambled; said he saw no complaint and that none was read to him; that he was told he might go; and that he was not fined nor sentenced to serve any time in jail.

The defendant and police judge were in accord in their testimony to the effect that a complaint for vagrancy was made out on September 23d, before the trial, and sworn to by defendant, charging plaintiff with being ''an idle and dissolute person''; that it was read to the plaintiff and evidence in support thereof was introduced. Whereupon the judge fined

plaintiff ninety dollars or ninety days in jail, and suspended the sentence. The city ordinance referred to is a practical rescript of section 693 of the Penal Code, defining vagrants.

The court took the view, in his instructions to the jury, that the plaintiff's conviction of the offense of vagrancy for which he had been arrested was no defense in this action for false imprisonment. He not only instructed the jury to that effect, but refused to instruct them, at the request of defendant, that if the jury found that the plaintiff was, after his arrest, tried upon the charge and convicted, it would defeat his claim for damages for false imprisonment. We think this attitude was wrong, under the law. It' seems to be the law that arrests for vagrancy may be made without a warrant. 2 R. C. L. 455, § 11; *Ferguson* v. *Superior Court,* 26 Cal. App. 554, 147 Pac. 603; *People* v. *Craig,* 152 Cal. 42, 91 Pac. 997. In the Craig case it was held that vagrancy could be committed "in the presence" of an observer, and, speaking of a peace officer as such observer, the court said:

"If, as a witness, he could testify from actual knowledge to every element of the offense, the offense must have been committed in his presence. And it makes no difference that this species of vagrancy cannot be committed by a single act observable at one point of time. A series of acts extending over a considerable period of time and only constituting a criminal offense because of their continuance and repetition, alone or in conjunction with other circumstances, being capable of observation and actual knowledge by a peace officer, will justify him, when the series of acts is complete, in making an arrest without a warrant as fully as in the case of any other misdemeanor committed or attempted in his presence."

Indeed, the legality of the arrest is not questioned by plaintiff. His claim for damages, as set out in his

complaint, is based solely on his imprisonment. Here
was, then, not only a lawful arrest, but, if the defend-
ant's evidence can be believed, a regular trial and
conviction of the charge upon which plaintiff was
arrested. If there was a conviction, it can make no
difference in this case how unfair or unjust it was,
or whether it was supported by the evidence, as long
as it stands as the final judgment of the court that
made it. If the plaintiff was dissatisfied with it, he
should have sought to have it reversed upon an ap-
peal. This was not done.

The dispute was not as to whether there was a
record of conviction, but as to whether the facts
existed or took place that the record showed, as to
whether at the time the plaintiff was in the magis-
trate's court any formal complaint had actually been
made, and as to whether there was in fact a trial and
conviction. It is the existence or nonexistence of
these facts that was in controversy. The issue of
fact thus raised, we think, should have been submitted
to the jury; for, if the jury believed plaintiff, then
the police court acquired no jurisdiction whatever
over him.

If, however, the jury believed that the court record
introduced in evidence was a true and correct record
of what actually happened in the police court, they
should have been informed that the plaintiff could not
recover. An instruction of the latter import was re-
quested by the defendant and refused. The court
gave no instruction bearing upon the effect a con-
viction of the plaintiff would have upon his right to
recover. We think the refusal of defendant's request
on this question and the omission by the court to
instruct thereon was error.

The jury should have been told that, if they believed
the plaintiff's version of what took place in the police
court, they should find for the plaintiff, but, if they

believed the defendant's version of the transaction, their verdict should be for the defendant. The courts are not in entire accord as to the effect of a verdict and judgment of conviction or plea of guilty upon the right of a party to recover for false imprisonment, but we are inclined to think that the trend of the later decisions is that it will defeat his action. As one court said:

"It would be inconsistent to have a judgment of a court of competent jurisdiction proving guilt, and a verdict by a jury in a civil action, based upon the assumption of innocence." *Jones* v. *Foster,* 43 App. Div. 33, 59 N. Y. Supp. 738.

See *Cuniff* v. *Beecher,* 84 Hun, 137, 32 N. Y. Supp. 1067.

In *Hushaw* v. *Dunn,* 62 Colo. 109, 160 Pac. 1037, the court said:

"The plaintiff pleaded guilty to the charge against him, and the rule of law is well settled that where a person has pleaded guilty or has been convicted of a criminal charge, an action for false imprisonment will not lie."

See *Williams* v. *Brooks,* 95 Wash. 410, 163 Pac. 925; *Waddle* v. *Wilson,* 164 Ky. 228, 175 S. W. 382; *Erie R. R. Co.* v. *Reigherd,* 166 Fed. 247, 16 Ann. Cas. 459, 20 L. R. A. (N. S.) 295, and note, 92 C. C. A. 590.

The defendant asked for a number of instructions to the effect that the record of the police magistrate could not be collaterally impeached. These instructions were refused, and we think properly so. The evidence offered by the plaintiff was not to contradict, dispute, or impeach the recitations of the record, but to show that the facts upon which it purported to be founded were nonexistent; in fact, that there never was any complaint laid against plaintiff, and that no trial was had, nor conviction.

We do not wish to be understood as holding that there may not be cases where a person, even though rightfully arrested and subsequently, in regular trial, convicted, cannot recover ·for the abuse by a peace officer of his authority, whether exercised under warrant or without warrant. What we do hold is that, under the pleadings and evidence in this case, the court committed error in refusing to instruct on the issue of plaintiff's conviction and its effect on his right of recovery, for which error the case must be reversed and remanded for a new trial.

BAKER and McALISTER, JJ., concur.