## OLSON v. WALL.

No. 3610. Decided March 24, 1921. (196 Pac. 1014.)

1. CRIMINAL LAW—COMPLAINT IN JUSTICE COURT FOR DISTURBING PEACE HELD SUFFICIENT. Under Comp. Laws 1917, § 9420, declaring that the complaint in justice court shall set forth the offense charged with such particulars as to enable defendant to understand the character of the offense, a complaint charging that defendant did commit the crime of disturbing the

peace by using profane and insulting language in the presence of, etc., is sufficient to charge the offense of disturbing the peace, denounced by section 8227, although not stating whether the language was mild or boisterous, and proceedings based on the complaint are not void.

2. FALSE IMPRISONMENT—JUDGMENT ON VAGUE COMPLAINT HELD NOT VOID RENDERING ARREST ILLEGAL. Where the complaint charging a breach of the peace was good as against general demurrer, though defendant may have been entitled to compel the prosecution to specify details, proceedings and judgment based thereon are not absolutely void so as to afford no justification for the arrest.

3. JUDGMENT—COLLATERAL ATTACK ON JUDGMENT OF CONVICTION HELD UNWARRANTED WHERE COMPLAINT WAS GOOD AS AGAINST DEMURRER. Where the complaint filed in justice court charging defendant with breach of the peace stated an offense and was good as against general demurrer, judgment based thereon cannot be collaterally attacked and an action for false imprisonment maintained on the theory that the judgment of imprisonment was a nullity.

Appeal from District Court, Fourth District, Wasatch County; *A. B. Morgan,* Judge.

Action by D. L. Olson against I. O. Wall. From a judgment for defendant, plaintiff appeals.

AFFIRMED.

*D. L. Olson,* of Salt Lake City, pro se.

*W. S. Willes,* of Heber, for respondent.

WEBER, J.

Plaintiff sued defendant for damages for alleged false imprisonment. In the complaint it is charged that on July 7, 1918, while plaintiff was visiting in Heber City, Utah, he was arrested by defendant and incarcerated till the next day without any right, justification, or legal authority. The answer seeks to justify the arrest and says that plaintiff was

tried before a justice of the peace and found guilty of disturbing the peace. The present case was tried in the district court without a jury, and resulted in a judgment in favor of defendant, from which judgment plaintiff appeals.

As ground for reversal it is urged by appellant that the court erred in admitting in evidence on the trial of this case the complaint in the criminal case before the justice of the peace for the reason that the facts stated in the criminal complaint do not constitute a public offense. The charging part of the complaint admitted in evidence in the instant case for false imprisonment is as follows:

" * * * Did commit the crime of disturbing the peace as follows, to wit: That said D. L. Olson, at the time and place aforesaid, did unlawfully and maliciously disturb the peace of I. O. Wall by offensive conduct, to wit, by using profane and insulting language in the presence of I. O. Wall. * * * "

Comp. Laws Utah 1917, § 8227, provides:

"Every person who maliciously and willfully disturbs the peace or quiet of any neighborhood, family, or person by loud and unusual noise, * * * or by tumultuous or offensive conduct, or by threatening, traducing, quarreling, challenging to fight, or fighting, is punishable by a fine not exceeding $200, or by imprisonment in the county jail not exceeding two months, or by both such fine and imprisonment."

The question is whether the complaint filed before the justice of the peace is void and whether it was vulnerable to the general demurrer that was interposed.

The complaint charges, in effect, that Mr. Olson disturbed the peace by "offensive conduct" consisting of using profane and insulting language. What the language was, whether mild and gentle or boisterous and tumultuous, is not disclosed by the complaint, which, however, was sufficient to inform appellant of the nature of the charge against him. The requisites of a complaint, according to Comp. Laws Utah 1917, § 9420, are:

"Proceedings and actions before a justice's court for a public offense must be commenced by a complaint under oath, setting forth the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint."

Had appellant desired further details, he could, by proper pleading, have compelled the prosecution to set forth the language complained of as constituting offensive conduct amounting to a disturbance of the peace. In the absence of such pleading, we think the complaint sufficient, and that the complaint and proceedings before the justice of the peace were not absolutely void. *City of Topeka* v. *Heitman,* 47 Kan. 739, 28 Pac. 1096.

The complaint not being vulnerable to a general demurrer, and not being wholly void, the judgment was not a mere nullity as claimed by appellant. And not being absolutely void, the judgment of conviction was not subject to the collateral attack made upon it by appellant. 23 Cyc. 1057.

The judgment is therefore affirmed, with costs.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.