Argued May 31; reversed June 27, 1933

McLEAN *v.* SANDERS ET AL.

(23 P. (2d) 321)

*Frank S. Grant* and *James West,* both of Portland, for appellants.

*Ronald L. Reilly,* of Portland (John Ronchetto, of Portland, on the brief), for respondent.

KELLY, J.   On July 31, 1929, a search warrant was issued authorizing the search for intoxicating liquors of a residence at 28 East 6th street, Portland. Defendants were members of the police force of that city.  Bearing this search warrant, they entered the house, and, while there, one of them arrested plaintiff for disorderly conduct alleged to have been committed in the presence of the arresting officer.  The arrest was followed by the transportation of plaintiff, together with a gentleman, who is now her husband, and her parents, in the patrol wagon to the police station and also by detention at the police station for about two hours.  Bail was then posted and plaintiff was released.

This action was instituted in the district court to recover damages because of said arrest and imprisonment.  The case was appealed to the circuit court.

In their further and separate answer defendants allege that, in defendants' presence, plaintiff violated the provisions of an ordinance of the city of Portland defining disorderly conduct; that defendants arrested plaintiff for said breach of said ordinance and that plaintiff was convicted of said offense in the municipal court of said city.  The reply consists of denials only.

■ Defendants introduced a certified copy of the record of plaintiff's said conviction, the same being as follows:

"In the Municipal Court for the City of Portland
County of Multnomah, State of Oregon
Before Municipal Judge and Ex-Officio Justice
of the Peace.

City of Portland
      vs.                Judgment.
Winifred McLean,
         Defendant

On this 1st day of August A. D., 1929, the above named defendant having been brought before me, Municipal Judge for the City of Portland, in the County and State aforesaid on a charge of violating Ordinance No. 32926 of the City of Portland, on the 31 day of July, 1929, in said City of Portland, by disorderly conduct. And the said defendant having thereupon pleaded not guilty, and been duly tried by me and upon such trial thereof duly convicted I have ordered and adjudged that the case be continued for sentence.

                      F. W. Stadter
      Municipal Judge for the City of Portland,
        and Ex-Officio Justice of the Peace''.

Over defendant's objection plaintiff was permitted to introduce testimony tending to show that plaintiff was not convicted in said municipal court, but was acquitted; and that no record of conviction had been entered by said court when the case at bar was instituted. The question is here presented whether a record of a judgment of conviction may thus be impeached. We think not.

''A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect to its validity, verity or binding effect, by parties or privies in any collateral action or proceeding, except for fraud in its procurement''. Subject: Judgments, 34 C. J. 511, § 815.

█ An inferior tribunal having acquired jurisdiction the same intendment of regularity will be made as for the proceedings of superior courts. *Thompson v. Multnomah County,* 2 Or. 34, 41; Subject: Judgments, 34 C. J. 517, § 823.

Among other things, the trial court instructed the jury as follows:

"Now it appears in this answer and there has evidence been introduced, that she was brought into the municipal court and there some proceedings were had, and the extent and nature of those proceedings is in question here. One side contends that certain things happened, and the other side contends that they did not happen. In any event, I instruct you that the conclusions reached by the municipal court in this case are not final as far as this court is concerned in this case. I let that evidence come in here, be introduced on this theory, that it was a part of the history of this transaction; that all the facts and circumstances surrounding this transaction were and are in my opinion proper material to be considered by you in reaching your conclusion in this case. It was on that theory and that theory alone that it was let in. A decision of the Municipal Court, if there was a decision, is not binding or conclusive on you as a jury or on me as a court. It is proper material, however, for me to hear and understand and know about and consider. That is the reason it came in here".

The circuit court also instructed the jury that—

"A consideration by you of the municipal court trial is allowed only for the purpose of acquainting you with all the history of .this transaction from beginning to end, and in nowise is to be regarded by you as determinative of any question in this case etc".

■ We think that these instructions were erroneous. While there are authorities supporting them, the weight of authority and the better reason support the rule that where a person has been convicted, either after trial or upon a plea of guilty, of a crime or of the violation of a municipal ordinance, an action for false imprisonment will not lie. *Hushaw v. Dunn,* 62 Col. 109 (160 P. 1037) ; *Olson v. Wall,* 58 Utah 20 (196

P. 1014); *Williams v. Brooks,* 95 Wash. 410 (163 P. 925); *Waddle v. Wilson,* 164 Ky. 228 (175 S. W. 382); *Billington v. Hoverman,* 7 Ohio Cir. Dec. 358, 18 Ohio Cir. Ct. 637; *Erie R. R. Co. v. Reigherd,* 166 Fed. 247 (92 C. C. A. 590, 20 L. R. A. (N. S.) 295, 16 Ann. Cas. 459); *Crowley v. Rummel,* 22 Ariz. 179 (195 P. 986); *Jones v. Foster,* 43 App. Div. 33 (59 N. Y. S. 738); *Cuniff v. Beecher,* 84 Hun. (N. Y.) 137, 32 N. Y. S. 1067.

In the case last above cited, the court say:

"The spectacle of a convicted defendant in a criminal case securing damages in a civil action, because of his arrest upon the charge for which he had been criminally convicted, would destroy all respect for the law, and would paralyze those provisions of our statutes authorizing private persons to arrest for crime and authorizing peace officers to arrest without a warrant". Cuniff v. Beecher, supra.

We are not unaware that the foregoing pronouncement is not in harmony with the doctrine of *Spain v. Oregon-Washington R. & N. Co.,* 78 Or. 355 (153 P. 470); and *McCullough v. Greenfield,* 133 Mich. 463 (95 N. W. 532, 62 L. R. A. 906, 1 Ann. Cas. 924).

We are impressed with the following statement appearing in the annotation at page 926 of the *McCullough v. Greenfield* case as reported in volume 1 of Ann. Cas.:

"There seems to be no case holding, as does the reported case, that an action for false imprisonment is not barred by the fact that the plaintiff pleaded guilty to, or was convicted of, the charge on which he was detained".

The Oregon case above cited was decided subsequent to the publication of the report of the *McCullough v. Greenfield* case.

The case of *Texas & P. Ry. Co. v. Parker*, 29 Tex. Civ. App. 264 (68 S. W. 831), is distinguishable from the case at bar. There, the charges on which plaintiff was arrested were not disclosed by the evidence.

■ While we think that a conviction in the municipal court of the charge upon which defendants arrested plaintiff is a bar to her recovery in the instant case, we do not feel warranted in ordering a dismissal. This unwillingness to dismiss the case arises because of the testimony of plaintiff's attorney, Mr. Leo Levenson, as to the absence of any record of a conviction in the municipal court, when the case at bar was filed, and because of the testimony of plaintiff and her witnesses tending to show that plaintiff was discharged instead of being convicted. Plaintiff should be given an opportunity by direct attack to annul the record of conviction. In saying this, we disclaim any intention to determine whether the facts warrant such annulment or not; but, if as claimed by plaintiff, the record was made up and entered after the case at bar had been instituted and is not conformable to the truth as to what actually transpired in the municipal court, such record ought not to stand as a bar to plaintiff's recovery herein.

■ The district court, in which this case was instituted, is without equitable jurisdiction, otherwise, we would remand the case with directions to permit plaintiff to apply for leave to amend her reply by setting up grounds entitling her to equitable relief from the judgment relied on and pleaded by the defendants. We think plaintiff must seek such relief, if at all, in the circuit court.

■ Defendants urge that the district court does not have jurisdiction to entertain an action for damages

for false imprisonment. In support of this position our attention is called to section 28-1305, Oregon Code 1930, which provides, among other things, that the jurisdiction conferred upon justice courts does not extend to an action for false imprisonment. This restriction is not expressly applied to district courts and we think that we are not justified in holding that it applies by implication.

It is ordered that the judgment of the circuit court herein be reversed and that this cause be remanded to the circuit court with directions to permit plaintiff to apply for a continuance herein for a sufficient period to enable her to prosecute proper proceedings to set aside, annul or reform the judgment of conviction aforesaid, and in case of such annulment or reformation thereof that plaintiff be permitted to apply for permission to serve and file amended or supplemental pleadings conformable to the facts then appearing; and it is also ordered that such further proceedings be had herein as are meet and proper not inconsistent herewith.

BELT and ROSSMAN, JJ., concur.

BEAN, J., dissents.

RAND, C. J., did not participate in this decision.