Submitted on briefs March 15, affirmed April 9, petition
for rehearing denied May 10, 1973

LEROY, *Respondent, v.* WITT (No. 374-663),
*Appellant.*

508 P2d 453

Marian C. Rushing, City Attorney, and Michael E. Clift, Deputy City Attorney, Portland, for appellant.

L. B. Sandblast, Portland, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from an adverse judgment in a false imprisonment action in which the plaintiff was awarded $65 special damages, $750 general damages and costs.

The assignments of error relate to the defendant's contention that the evidence does not support the judgment. Defendant was a traffic patrolman for the city of Portland on August 24, 1970 at about 3:30 p.m. when he issued traffic citations to the plaintiff for alleged disobedience of a traffic sign and failure to display vehicle registration. He testified that plaintiff crumpled up the first citation alleging disobedience of the traffic sign and threw it on the seat of her car when he gave it to her, and that subsequently when she did not display registration for her car he gave the additional citation to her.

Plaintiff, in her testimony, denied that she crumpled up either of the citations. She also testified that she had not disobeyed the traffic sign, and that the defendant had not given her a reasonable opportunity to show her vehicle registration which she found in her purse after she was placed in jail. Plaintiff was accompanied by another woman and a 12-year-old girl in her automobile at the time of the arrest. Defendant called two other police officers to assist him in the arrest. The citations given the plaintiff were not produced in evidence nor were any of the witnesses to the episode produced by either party. Copies of the original citations certified to by the Director of the Department of Judicial Administration were placed in evidence pursuant to stipulation of counsel.

The plaintiff, after being incarcerated overnight in jail after her arrest, was released on her own recognizance the following morning. She requested jury trial on the citations and trial was set for November 25, 1970. At that time Officer Witt failed to appear and the traffic court dismissed the citations.

At the trial of this false imprisonment action

the contradictory testimony of plaintiff and defendant was all that was produced by either side on the question of probable cause.

A police officer has statutory justification and duty to "arrest or issue a citation" to a person for traffic offenses. ORS 484.100 (1). He also has a statutory justification to arrest a motorist who refuses to produce a valid registration certificate. ORS 481.230 (4); ORS 484.100 (1). If a person is arrested for two or more offenses simultaneously, probable cause for one charge is a complete defense to an action of false imprisonment. 32 Am Jur 2d 139, False Imprisonment § 81. In a false imprisonment action based on arrest and jailing without a warrant for a misdemeanor, if it does not appear that a police officer had reasonable cause to believe an offense was being committed in his presence, ordinarily there is no justification for the arrest. 32 Am Jur 2d, supra at 138, § 78.

We note that the amended complaint upon which the case went to trial alleges that the arrest was made upon a "charge." The defendant's affirmative defense alleges only that the plaintiff was arrested for disregard of a traffic sign. In view of these pleadings it is surprising that the principal controversy and testimony in the case revolved around the citation and arrest for failure to display a registration certificate. No objection on this ground was made by counsel for either party to receipt of such evidence. The defendant's principal contention is that the arrest was justified because of the failure to display a motor vehicle registration. Defendant contends the plaintiff never controverted that charge in her testimony. Without the charge being pleaded we wonder how it became

the central issue in this ineptly pleaded and tried case. Regardless, resolution of the question of probable cause for arrest on either of the charges depends upon which of the parties the court believed. After observing and hearing the parties and looking at the exhibits, the trial court apparently concluded it believed the plaintiff. The judgment rendered is a reasonable result of such conclusion. Under these circumstances we will not disturb it.

Affirmed.