Submitted on record and briefs June 16, affirmed September 10, 1986

# BACON,
*Appellant,*

*v.*

# CITY OF TIGARD et al,
*Respondents.*

(84-1045C; CA A37076)

724 P2d 885

Terry G. Sundkvist, Portland, filed the brief for appellant.

Robert E. Franz, Jr., Eugene, filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The trial court granted summary judgment for defendants city and police officer (Harburg) in this false imprisonment action, and plaintiff appeals from the resulting judgment. We affirm.

Harburg stopped the car in which plaintiff was a passenger. Harburg was acquainted with plaintiff, he knew that there was an outstanding warrant for the arrest of a person with plaintiff's name, and so he arrested plaintiff. Harburg also observed that plaintiff had been drinking alcoholic beverages. Plaintiff was less than 21 years old. Harburg subsequently learned that the warrant was for the arrest of a different person with the same name. He then cited plaintiff for being a minor in possession of alcohol, and he was released to appear on the citation. Plaintiff was convicted of that offense.

Plaintiff brought this action, contending that the arrest on the warrant constituted false imprisonment. He argues that the trial court erred by granting summary judgment. Plaintiff asserts that there is a question of fact as to whether Harburg's actual reason for arresting him was the warrant or the minor in possession offense and that this action is not defeated by the fact that Harburg had probable cause to arrest plaintiff on the latter charge, if Harburg's subjective reason for the arrest was the warrant. Defendants disagree and assert that it is immaterial why Harburg arrested plaintiff. They maintain that plaintiff's conviction of *an* offense for which Harburg had probable cause to arrest him is a bar to his false imprisonment action.[1]

Although the Supreme Court and we have come close, we have apparently never answered the exact question this case presents. In *McLean v. Sanders,* 143 Or 524, 527, 23 P2d 321 (1933), the court held that "an action for false imprisonment will not lie" if the plaintiff has been convicted of *the* offense for which he or she was arrested. We later said in *LeRoy v. Witt,* 12 Or App 629, 631, 508 P2d 453 (1973), that,

---

[1] It is clear that, for purposes of criminal proceedings, an arrest is deemed valid if the officer had probable cause to make it but also had or stated a reason for the arrest other than the offense for which probable cause existed. *See State v. Corona,* 60 Or App 500, 503, 655 P2d 216 (1982), and authorities there cited.

"[i]f a person is arrested *for* two or more offenses simultaneously, probable cause for one charge is a complete defense to an action of false imprisonment." (Emphasis supplied.)

The logic and the underlying policy of *McLean* and *LeRoy* are applicable here, even if the warrant rather than the alcohol offense was the officer's subjective basis for arresting plaintiff. The imprisonment could not be "false" if there was *any* "true" reason for it. It would make little sense for an officer to be immune from a false imprisonment action if he *states* one valid and one invalid reason for an arrest, but to be subject to such an action if he *has* a valid reason but offers a different reason as the explanation for the arrest. It would also make little sense for plaintiffs in civil false imprisonment actions to be able to avail themselves of a coincidental discrepancy between a valid arrest and an invalid explanation for it, when criminal defendants cannot benefit from an identical coincidence. *See* note 1, *supra.*. The trial court correctly granted the summary judgment for defendants.

Affirmed.[2]

---

[2] We note that the arrest took place before ORS 133.310(1)(b) was amended by Oregon Laws 1983, chapter 661, section 7, eliminating the authority of a police officer to make a warrantless arrest for a violation.