Gary PEEBLES, Plaintiff-Appellant,

v.

YAMHILL COUNTY, Yamhill County Sheriff's Department; James W. Carelle, individually; Paul Groh, individually, Defendants-Appellees.

No. 00–35665.

D.C. No. CV–99–06211–JAR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Dec. 10, 2001.

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

### MEMORANDUM *

Gary Peebles appeals the district court's summary judgment in favor of defendant Yamhill County, and defendants James W. Carelle and Paul Groh of the Yamhill County Sheriff's Department. Peebles brought suit under 42 U.S.C. § 1983, alleging that he was falsely arrested for illegally videotaping an incident between himself and a neighbor. He also asserted related state law claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We need not state the facts because the parties are familiar with them. The determinative issue is whether the officers had probable cause to arrest Peebles. Probable cause is a complete defense to false arrest and malicious prosecution claims under both federal and Oregon law. *See Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir.1995) (malicious prosecution as a basis for federal due process claim); *Gustafson v. Payless Drug Stores N.W., Inc.,* 269 Or. 354, 525 P.2d 118, 119–20 (Or.1974) (state malicious prosecution); *Bacon v. City of Tigard,* 81 Or.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

App. 147, 724 P.2d 885 (Or.Ct.App.1986) (state false arrest). It is also a complete defense to Peebles's section 1983 claim. *Beauregard v. Wingard,* 362 F.2d 901, 903 (9th Cir.1966).

■ Here, " 'the facts and circumstances within [the officers'] knowledge and of which they [had] reasonably trustworthy information [were] sufficient to warrant a prudent man in believing" ' that Peebles violated Oregon law when he recorded the conversation with Ader. *United States v. Henderson,* 241 F.3d 638, 648 (9th Cir.) (quoting *Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)), *cert. denied,* —— U.S. ——, 121 S.Ct. 1634, 149 L.Ed.2d 494 (2001). Oregon law prohibits a person from "[o]btain[ing] or attempt[ing] to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus ... if all participants in the conversation are not specifically informed that their conversation is being obtained." Or.Rev.Stat. § 165.540(1)(c). After watching the video recording and questioning Peebles, the officers determined that Peebles had not informed Aders that the conversation was being recorded before he began filming. Thus, the officers reasonably concluded that the recording was in violation of state law.

Peebles contends that the officers acted without probable cause because his conduct fits within a statutory exception contained in Or.Rev.Stat. § 165.540(3).[1] We need not decide this issue. Whether or not the exception applies, the officers' interpretation of the statute was reasonable. They had probable cause to believe that Peebles had recorded the conversation illegally, and they had probable cause to arrest him. This provided them with a complete defense, not only to Peebles's § 1983

claim, but to his false arrest and malicious prosecution claims as well. Because the officers did not violate Peebles's rights, we need not consider whether the officers were entitled to qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001) (holding that if no constitutional right is violated, "there is no necessity for further inquiries concerning qualified immunity").

■ Peebles's claim for infliction of emotional distress also fails. His allegations fail to support an inference that the officers engaged in conduct that " 'constituted an extraordinary transgression of the bounds of socially tolerable conduct.' " *McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 849 (Or.1995) (quoting *Sheets v. Knight,* 308 Or. 220, 779 P.2d 1000, 1010 (Or.1989)).

AFFIRMED.

---

1. This section provides: "The prohibitions in subsection (1)(a), (b) or (c) of this section shall not apply to subscribers or members of their family who perform the acts prohibited in subsection (1) of this section in their homes."