FILED

FEB 2 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY G. SHARP, | No. 13-35465 |
| Plaintiff - Appellant, | D.C. No. 6:12-cv-00140-AA |
| v. | |
| CHRISTIAN STRINGER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Jeffrey G. Sharp appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action alleging false arrest, malicious prosecution, and interference

with familial association.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo, and we may affirm on any basis supported by the record.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (motion to dismiss); *Crowley v. Nev. ex rel. Nev. Sec'y of State*, 678 F.3d 730, 733-34 (9th Cir. 2012) (summary judgment). We affirm.

The district court properly granted summary judgment on Sharp's false arrest and malicious prosecution claims against defendants Houck, Brenner, and Stringer because Sharp failed to raise a genuine dispute of material fact as to whether Houck and Brenner, the arresting officers, or Stringer, the prosecutor who advised them, had a reasonable basis to believe that Sharp violated Oregon Revised Statutes § 163.200. *See Smith v. Almada*, 640 F.3d 931, 937-39 (9th Cir. 2011) (probable cause constitutes a defense to false arrest and malicious prosecution under federal law); *Gustafson v. Payless Drug Stores Nw., Inc.*, 525 P.2d 118, 119-20 (Or. 1974) (probable cause is a complete defense to malicious prosecution under Oregon law); *Bacon v. City of Tigard*, 724 P.2d 885, 886 (Or. Ct. App. 1986) (same for false arrest). We reject Sharp's contention that a prior judicial determination as to his mother's competence was required to support a finding of probable cause.

The district court properly granted summary judgment on Sharp's claim for interference with familial association because Sharp failed to raise a genuine dispute of material fact as to whether any defendant caused unwarranted

13-35465

interference with Sharp's association with his mother. *See Crowe v. County of San Diego*, 608 F.3d 406, 441 n.23 (9th Cir. 2010) (standard for a claim of deprivation of familial companionship is "unwarranted interference").

The district court properly dismissed Sharp's claim for damages against defendant Kemper because all of Kemper's alleged actions were taken in the performance of prosecutorial functions. *See Heinemann v. Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013) (prosecutor has absolute immunity for decision to initiate a prosecution); *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 643 (9th Cir. 1999) (same for conduct before grand juries). Although Sharp's amended complaint also sought declaratory relief in addition to damages, because the relief Sharp requested would not clarify any legal relations in issue or resolve any controversy between the parties, we uphold the dismissal of Sharp's claim against Kemper in its entirety. *See United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc) (declaratory relief should be denied when the relief requested "will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties.").

**AFFIRMED.**

13-35465