## Griffin, et al. v. Russell.

(Decided December 9, 1914.)

### Appeal from Boyd Circuit Court.

1. Continuance—Trial.—Where a defendant's lawyer who had prepared and filed the answer withdrew from the case when it was called for trial, without any previous notice to his client of his intended withdrawal, the trial court should have granted a continuance. It was error to force him into an immediate trial.

2. Pleading—Amendments.—An amended answer tendered at the conclusion of the evidence, to conform to the proof, and which presents no material variance from the original cause of action, and does not mislead the plaintiff, should be filed in the furtherance of justice.

3. Arrest—Officer Making—Judgment Affording—Evidence Justifying.—A judgment convicting a person of disorderly conduct affords conclusive evidence of the misconduct for which the arrest

was made, and the consequent justifiable acts of the officer and the prosecuting witness in causing the arrest.

CLYDE R. LEVI, R. D. DAVIS and S. S. WILLIS for appellants.

PROCTOR K. MALIN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

In this action the appellee, Floyd Russell, recovered a verdict and judgment for $1,000 against the appellants, James T. Griffin, a policeman of the city of Ashland, and the American Bonding Company, of Baltimore, Maryland, his surety, as damages for the unlawful arrest of Russell and an unnecessary assault in making the arrest. The facts are substantially as follows:

On the night of February 12, 1912, Griffin was patrolling the streets of Ashland in the discharge of his duties as a policeman. Russell was a furnace hand for the Ashland Iron & Mining Co., and, on the night in question, he had remained at the station of the Chesapeake & Ohio Railway Company to meet a friend who would arrive at Ashland on the train that reached that point about one o'clock that night.

After the arrival of the train, Russell, in company with his friend, who had left the train, and another man, walked down the railroad to Ninth street, where they separated, the two men going south on Ninth street to Central avenue toward their homes, and Russell going north on Ninth street to Carter avenue, and thence westwardly toward his home. When Russell reached the intersection of Carter avenue and Eighth street, Griffin and Kounz, another policeman, while standing in the street, according to their testimony, not far from the public light at the street intersection, saw Russell walking in the middle of Ninth street and coming toward them.

Earlier in the day, Kounz had arrested a man, who had escaped from that officer, and he and Griffin were searching for him. They say that when Russell saw them standing in the street he started toward the sidewalk. Russell says Griffin called to him, saying, "Where in the hell are you going?" Russell answered, "What in the hell is that to you"? Whereupon Griffin fired his pistol at Russell three times, the first shot inflicting a glancing flesh wound.

There is the usual contradictory testimony as to what was said and done; Griffin saying he merely asked Russell where he was going, while Russell admits he used the profane language attributed to him.

Furthermore, Russell says Griffin fired immediately after he had called to Russell, while Griffin says he did not fire upon Russell until after Russell had made a demonstration toward his hip pocket, and had pulled, what Griffin thought was a pistol, but afterwards was shown to be a pocket knife. Russell admits he drew his knife, but says he only did so after he had been shot, and for the purpose of protecting himself against Griffin, who was advancing upon him. Russell was carried to the jail, where a physician dressed his wound. He was then sent home.

The petition rests the cause of action upon the false arrest and the shooting and wounding of Russell by Griffin.

Subsequently, on February 23rd, Griffin procured a warrant from the police judge, charging Russell with using abusive language upon the occasion of the arrest, which tended to cause a breach of the peace; and, upon a trial of the case in the police court, Russell was found guilty and fined $10.00.

The answer traversed the petition; denied making the arrest, and alleged that the shooting was justifiable because it was done for self-protection, and not until after Russell had drawn his knife.

1. When the case was called for trial the defendant Griffin asked for a continuance, and supported his motion by his own affidavit, which reads as follows:

"Comes affiant, James T. Griffin, and states that he is defendant in above styled cause; that immediately after he was served with process in said action he employed and retained E. B. Hagar, a regular practicing attorney of this court, to represent him in said action, and that said E. B. Hagar accepted said employment; and pursuant to same, prepared said case and pleading, and has at all times been his attorney of record; that when said cause was called for trial in the Boyd Circuit Court, Catlettsburg, Ky., on the 11th day of Dec., 1913, the said E. B. Hagar withdrew from said case and made said statement to the court; that this affiant had employed said E. B. Hagar and expected him to represent him in said trial; that he did not know said E. B. Hagar intended to withdraw; that he has at this time no other

attorney to represent him and at no time had employed or retained any other attorney; that he is unable to present his own case or defend same, and that said continuance is not asked for the purpose of delay, but that justice may be done and this defendant can employ other counsel to defend said action for him.''

The affidavit was not controverted. The court overruled the motion for a continuance and forced defendant into trial; and, although Griffin thereafter succeeded in procuring a competent lawyer to represent him in the trial, we are satisfied he was prejudiced by the ruling.

It is well known that very few lawyers, however able they may be, can properly defend an important case, involving complicated issues of fact and nice questions of law, upon the spur of the moment. Preparation is not only proper, but necessary, for the orderly and prompt administration of justice, as well as for the protection of the client's interests.

By postponing the trial for a day, Griffin would have had an opportunity of recovering from the misfortune shown by his affidavit; but in forcing him into an immediate trial, the trial court committed a reversible error.

2. At the close of the testimony, appellants tendered an amended answer to conform to the proof, in which they withdrew the denial that Russell had been arrested, and justified the arrest upon the ground that Russell had used abusive language for which he was subsequently convicted. The court refused to permit the amendment to be filed, and excluded the police court record and all evidence upon that question, upon the ground that the original answer denied the arrest.

The variance between the original and the amended answer was not material. The amendment merely conformed to the proof, and it is not claimed it misled the plaintiff. In refusing to let it be filed, the trial court was in error. Civil Code, Sections 129, 130, 131, 134.

3. Appellants insist that, in excluding the police court record, the trial court erred, and rely upon Louisville Railway Co. v. Hutti, 141 Ky., 511, as sustaining them in this position.

The Hutti case announces the doctrine that a judgment convicting a person of disorderly conduct affords conclusive evidence of the misconduct for which the arrest was made, and the consequent justifiable acts of the officer and the prosecuting witness in causing the arrest. See also 19 Cyc., 353.

With the amended answer in the record, evidence of the police court conviction was competent to relieve appellants from liability for the arrest, there being evidence that it was made for the offense of which Russell was convicted. In rejecting the evidence of the conviction in the police court the trial court erred.

In view of the fact that a new trial must be directed, it is unnecessary to consider the other questions discussed in the briefs.

Judgment reversed and cause remanded for further proceedings.