## Waddle, et al. v. Wilson.

(Decided April 21, 1915.)

### Appeal from Pulaski Circuit Court.

1. Arrest—False Arrest—When Policeman May Make Arrest Without Warrant.—A policeman or other peace officer has authority to make an arrest without a warrant, when he in good faith believes and has reasonable grounds to believe, that the person arrested has been guilty of a felony, or when the offense for which the arrest is made, whether a felony or misdemeanor, is committed in the presence of such officer.

2. Arrest—Conviction of Person Arrested—Conclusiveness of as Justification for the Arrest.—The judgment of a court of competent jurisdiction, convicting a person of drunkenness or disorderly conduct, affords conclusive evidence of the misconduct for which the arrest was made and constitutes in law a justification for the arrest, in that it conclusively establishes the fact that the officer, in making the arrest, was acting upon probable cause.

3. Arrest—Bail—When Policeman Without Authority to Accept.— Where an arrest was made at eight o'clock p. m., and the person arrested 'was put in jail until the meeting of the police court at

nine o'clock a. m. of the following day for trial under the charge for which the arrest was made, refusal of the policeman making the arrest to accept bail for the prisoner's appearance in the police court to answer the charge for which he was arrested, did not constitute an unnecessary or unlawful restraint of the latter's liberty. Section 3498, Kentucky Statutes, provides: "Persons arrested for any bailable offense may be placed in a station house or county jail, if necessary for safe keeping, until taken before the police court for examination."

4.  Evidence—Incompetency of.—Evidence showing that the policeman refused to accept bail for a prisoner arrested under the circumstances set out above was incompetent, and its admission by the trial court error.

5.  Arrest—Official Bond—Liability of Surety Therein Limited to the Penal Sum Named Therein.—In an action for false arrest against a policeman and the surety in his official bond, the latter cannot be made liable in damages for any amount in excess of the sum named in and fixed by the bond; and where, in such action, the bond sued on limited the surety's liability to $1,000.00, and it by separate answer pleaded that before the institution of the action it had previously been subjected by judgment to and paid a liability of $550.00 for the policeman, on the bond; such liability, so incurred and paid, discharged the bond to the extent and amount of $550.00, and left the surety liable thereon for only $450.00; and this being so, the ruling of the trial court in sustaining a demurrer to the separate answer of the surety, was error.

W. B. MORROW and MORROW & MORROW for appellants.

J. W. COLYAR and WM. CATRON for appellee.

Opinion of the Court by Judge Settle—Reversing.

In this action the appellee, J. C. Wilson, recovered a verdict and judgment for $927.00 against the appellants, J. S. Waddle, a policeman of the city of Somerset, and the National Surety Company, his surety, as damages for the alleged unlawful arrest of the appellee by Waddle, and from that judgment Waddle and surety have appealed.

The arrest was made at eight o'clock at night, during the Pulaski County fair, and after the appellant Waddle had received information that the appellee, Wilson, had cut and seriously wounded one Ernest Barnett with a knife, which charge, if true, constituted a felony. Following his arrest appellee was confined in jail until the next morning about nine o'clock. In point of fact he was not guilty of the cutting and wounding of Barnett.

The appellants filed a joint and separate answer to the petition, in which they admitted the arrest, and alleged that at the time it was made Waddle believed and had probable cause to believe that appellee had committed a felony; and, also, that he was drunk and disorderly when arrested. It was also alleged in the answer that on the morning following the arrest of appellee he was brought before the police court of the city of Somerset under a charge of being drunk and disorderly at the time of his arrest, which charge he confessed and in open court entered a plea of guilty; and these facts were pleaded in justification of the arrest.

The averments of the answer were substantially traversed by the appellee's reply. Later, and at the same term of the court, the appellant National Surety Company filed a second and separate answer, in which it was, in substance, alleged that the bond upon which it was bound as surety for the appellant J. S. Waddle, as policeman, was for the sum of $1,000.00, and by its terms limited its liability as surety to that amount; that in an action previously brought against Waddle and it on the bond, by a person other than the appellee, J. C. Wilson, there was a recovery against it, as the surety of Waddle, of $550.00 in damages, which it paid; and that this recovery and payment reduced its liability on the bond to $450.00. It was also alleged that in the event of a recovery of damages by the appellee Wilson for his alleged unlawful arrest by the appellant Waddle complained of, it, as the latter's surety, would be liable for only so much of such recovery as would not exceed $450.00. To this separate answer of the appellant National Surety Company appellee filed a demurrer, which the circuit court sustained; to which ruling the National Surety Company excepted.

At a subsequent term of the court, and before the case was reached for trial, the appellants filed an amended answer, in which they jointly and severally averred that on the morning following the arrest of the appellee Wilson he was tried in the police court of Somerset for the offense of drunkenness and disorderly conduct, for which he was arrested by the appellant Waddle, and by its judgment found guilty and his punishment fixed at a fine of five dollars and the costs of the prosecution, amounting to $2.90. This judgment, it was alleged, constituted a bar to the recovery of dam-

ages sought by appellee. Appellee filed a demurrer to the amended answer of the appellants, and this demurrer the court also sustained, to which ruling appellants excepted.

The first ground urged by appellants for a reversal of the judgment of the circuit court is, that that court erred in sustaining the demurrer to their amended answer. This contention is manifestly sound. If, as alleged in the amended answer, appellee was drunk or disorderly at the time of his arrest, and this was seen by and known to the appellant Waddle at the time, it constituted an offense for which he had the same right to make the arrest without a warrant that he would have had to make an arrest for a felony without a warrant, if appellee had been guilty of a felony; and the averment was made in the amended answer that the arrest was effected because of appellee's being drunk and disorderly in the presence of the appellant Waddle, as well as on account of the felony of cutting and wounding Barnett, of which the latter had been informed and had reasonable ground to believe him guilty; and though it subsequently developed that appellee was not guilty of the felony, if, as also alleged in the amended answer, he was tried and convicted in the police court of drunkenness or disorderly conduct, the judgment of conviction would have afforded conclusive evidence of his guilt of the latter offense, justified the arrest and constituted a bar to the recovery of damages sought therefor.

In Louisville Ry. Co. v. Hutti, 141 Ky., 511, we held "that a judgment convicting a person of disorderly conduct afforded conclusive evidence of the misconduct for which the arrest was made, and the consequent justifiable acts of the officer and the prosecuting witness in causing the arrest." The soundness of this doctrine was declared in Holtman v. Bullock, 142 Ky., 335; Duerr v. K. & I. Bridge Co., 132 Ky., 228; and is also approved in 19 Cyc., 353, and numerous authorities cited in the footnotes in support thereof.

In Griffin v. Russell, 161 Ky., 471, which was an action for false arrest brought against a policeman and the surety in his bond, the appellants at the close of the testimony tendered an amended answer to conform to the proof, in which they withdrew the denial of their original answer that the appellee had been arrested, and justified the arrest upon the ground that he had used

abusive language, for which he was subsequently convicted. The circuit court refused to permit the amendment to be filed and excluded the police court record and all evidence as to the appellee's trial and conviction for the use of the abusive language. This was done upon the ground that the original answer denied the arrest. On the appeal, however, we held that the variance between the original and the amended answer was not material; that the amendment merely conformed to the proof and did not mislead the appellee; and, further, that in refusing to let it be filed the trial court was in error, as appellee's conviction in the police court for the offense for which he was arrested justified the arrest complained of. The opinion approves the doctrine announced in Louisville Ry. Co. v. Hutti, *supra,* that the judgment of a court of competent jurisdiction, convicting a person complaining of the arrest of the offense for which he was arrested, constitutes in law a justification for the arrest, in that it conclusively establishes the fact that the officer, in making the arrest, was acting upon probable cause.

It is, however, insisted for appellee that appellants were not prejudiced by the ruling of the court in sustaining the demurrer to the amended answer, because, notwithstanding this ruling, the court during the trial gave appellants leave to introduce the judgment of the police court showing the trial and conviction of appellee of the offense of drunkenness and disorderly conduct, but that appellants refused to introduce the judgment as evidence. It conclusively appears from the record that the permission thus given the appellants by the court to introduce the judgment was not granted until all the witnesses had testified and the evidence of each party had been closed. The record fails to show that the trial court, in thus granting appellants leave to introduce the judgment of the police court, advised them what effect it would give to the judgment if introduced, or that it would instruct the jury that the judgment should be accepted by them as conclusive of the lawfulness of appellee's arrest; and, in the absence of some such statement from the court, appellants had no right to assume that the mind of the court had undergone a change after sustaining the demurrer to the amended answer, as it then expressed the opinion that the judgment of the police court showing the appellee's trial and conviction

of the offense for which he was arrested did not establish the lawfulness of the arrest. In addition, if appellants, after the tardy offer of the court, had attempted to introduce the judgment, in view of the previous ruling of the court on the demurrer, it would have given appellee ground to claim surprise and demand a continuance, that he might obtain additional proof to meet the new issue, which might have postponed the trial to another term and increased the cost to the litigants. If, after sustaining the demurrer to the amended answer, the court had experienced a change of opinion, it should have so stated, set aside the order sustaining the demurrer and in lieu thereof entered another overruling it; but in proceeding as it did, appellants could but believe that the court was adhering to the opinion expressed at the time of sustaining the demurrer, and, therefore, that they would derive no benefit from the introduction of the judgment in evidence. Hence, they are not to be blamed for not taking advantage of the permission given them by the court to do so, nor did the permission to introduce the judgment, given under such circumstances, condone the previous error of the court in sustaining the demurrer to the amended answer, or the hurtful effect of that ruling to the appellants. Despite the permission given appellants by the court to introduce the judgment in evidence, its introduction was not authorized by the pleadings. With the amended answer excluded by the ruling in sustaining the demurrer, the judgment was inadmissible as evidence. Hence, there is no ground for saying that the error committed by the trial court in sustaining the demurrer to the amended answer was cured by the appellant's failure to avail themselves of the permission given them to introduce in evidence the judgment of the police court.

We are also of opinion that the appellant National Surety Company's complaint of the ruling of the trial court in the matter of sustaining the appellee's demurrer to its separate answer, should prevail; for, if, as therein alleged, the surety company had, before the institution of this action, been subjected to and paid a liability of $550.00 on the bond it executed as surety for the appellant Waddle as a policeman of the city of Somerset, the liability so incurred and paid by it satisfied and discharged the bond to the extent and amount of $550.00, and reduced and limited its further and subse-

quent liability thereon to what remained of the penal sum of $1,000.00 named therein, viz., $450.00.

Section 3497, Kentucky Statutes, which is applicable to cities of the fourth class, to which the city of Somerset belongs, provides:

"Every policeman, before he enters upon the duties of his office, shall give bond, with approved surety, before the mayor, to the Commonwealth of Kentucky, in the sum of one thousand dollars, for the faithful performance of the duties of his office; and for any unlawful arrest, or unnecessary or cruel beating or assault in making an arrest, he and his bondsmen shall be liable to the person so injured on said bond."

Section 3752, Kentucky Statutes, allowing actions on the bonds of public officers, provides:

"Actions may be brought from time to time on any such covenant or bond in the name of the Commonwealth, for her benefit, or for that of any county, corporation or person injured by a breach of the covenant or condition, at the proper costs of the party suing, against the parties jointly or severally, together with the personal representative, heirs and devisees or distributees of such of them as may be dead; and the recovery against principal and surety shall not be limited by the amount of the penalty named in such bond. Nor shall the recovery be restricted only to such duties or responsibilities as belong to the office, post, trust or employment at the date of the covenant or bond, but may include any duties or responsibilities thereafter imposed by law or lawfully assumed."

By an act of the Legislature, approved March 17, 1908, entitled: "An Act relating to bonds of public officials and other bonds required by law" (page 125, Acts of 1908), Section 3752, Kentucky Statutes, was amended and so much thereof as allowed a recovery against the principal and surety in an officer's bond in excess of the amount of the penalty named in such bond repealed. The act of March 17, 1908, referred to, and so much of Section 3752, Kentucky Statutes, as was amended and left unrepealed thereby, are now contained in Section 186d, Kentucky Statutes, which provides:

"1. That the bond required by law to be executed and given by any State, county, city, or other public official, and the bond required by law of any depository of State, county, city, or other public funds, and the

bond of any executor, administrator, guardian, committee, assignee, or other fiduciary, and any other bond required by law for the discharge or performance of any public or fiducial office, trust or employment, shall be a covenant to the Commonwealth of Kentucky, from the principal and surety, or sureties, that the principal will faithfully discharge the duties of the office, trust or employment, and such bond shall be limited in a definite penal sum, which shall be determined and fixed by the officer or officers whose duty it is to approve the bond, *and the recovery against the surety under any such bond shall be limited to the amount of the penalty named therein;* Provided, That the bond of any executor, administrator, guardian, committee, assignee, or other fiduciary, shall be fixed in a penal sum of not less than double the estimated value of the estate; and, *Provided, further,* That the officer or officers taking any bond mentioned in this act, may at any time when it may appear to be to the interest of the obligee or obligees, increase the penal sum of such bond or require a renewal thereof with other or additional sureties.

"2. Where a statute or ordinance now fixes, or hereafter shall fix, the penalty in any bond, the officer whose duty it is to approve the bond shall fix the penalty therein, in the same amount as is provided in such statute or ordinance.

"3. All laws in conflict herewith are hereby repealed."

While, previous to the adoption of the act of March 17, 1908, any recovery of damages obtained on the bond of a public officer and his surety might have exceeded the penalty or amount named in the bond, and numerous cases may be found, such as Growbarger v. U. S. F. & G. Co., 126 Ky., 118; U. S. F. & G. Co. v. Milstead, 23 R., 186; Moss, et al. v. Rowlett, et al., 112 Ky., 121, in which we so held, it is patent from the language of Section 186d, Kentucky Statutes, that any such recovery as may now be had against the surety in the official bond of an officer cannot exceed the penalty or amount fixed by the bond.

It is equally manifest that the language of that section prevents the liability of the surety in such bond from being made to exceed the amount named therein, whether such liability results from a recovery in one action, or successive actions by different plaintiffs. So,

if the recovery against the surety in the action first brought be for the full amount of the penalty named in the bond, and it is paid by the surety, there could be no recovery against him in the second or any subsequent action on the bond. But, if the recovery in the first action be for an amount less than the penalty named in the bond, its payment by the surety will only satisfy the bond to the extent of the amount paid, and he could be held liable in the second or other actions on the bond for what might remain of the penalty named therein. 32 Cyc., 121; Westbrook v. Moore, 59 Ga., 204; Bothwell v. Sheffield, 8 Ga., 569; Moore v. Worshem, 5 Ala., 645; North St. Louis Bldg. Ass'n. v. Obert, 169 Mo., 507; American Surety Co. v. U. S., 129 Fed., 287, 59 C. C. A., 256; American Surety Co. v. Pacific Surety Co., 19 L. R. A. (N. S.), 83.

It seems to be held by some of the authorities, perhaps a majority of them, that if it should happen that two or more judgments of equal dignity, but each in favor of a different plaintiff, have been obtained on the one bond against the surety, and the amount of the penalty is insufficient to satisfy all of them, it should be apportioned. 32 Cyc., 121; Thomas Laughlin Co. v. American Surety Co., 114 Fed., 627, 51 C. C. A., 247; American Surety Co. v. Lawrenceville Cement Co., 110 Fed., 717.

It should be remarked in this connection that it is generally held by the authorities that interest is recoverable of a surety in an action on the bond, although the addition of interest may make the total amount exceed the penalty named therein. But, in the cases so holding, the bonds were for the payment of money, or damages for its non-payment. Am. Surety Co. v. Pac. Surety Co., 19 L. R. A., 83; Randall v. Barnard, 99 Fed., 348, 49 C. C. A., 177; 110 Fed., 906; Ellyson v. Lord, 124 Iowa, 125; Griffith v. Rundle, 55 L. R. A., 381; Trumpler v. Cotton, 109 Cal., 250; Spoke, etc., L. Co. v. Loy, 21 Wash., 501. The reason given for the ruling in these cases is a sound one, namely, that the default of the sureties in unjustly withholding payment after receiving notice of the default of their principal, made them liable for interest by way of damages. But we have been referred to no case in which the recovery of interest against the surety was held permissible in an action for damages on the bond of a peace officer, for

a tort committed by him, except upon the amount of damages awarded, from the date of the judgment.

Though it may sometimes happen that a full or partial discharge of the surety in an official bond will occur in the manner we have indicated, only temporary injury could result to the public therefrom; the remedy in such cases is to require the officer to give a new bond. This authority Section 186d of the statutes, *supra,* expressly confers upon the officer or officers charged with the duty of taking such bond.

It follows from the conclusion we have expressed, that the trial court erred in sustaining appellee's demurrer to the separate answer of the appellant National Surety Company. Under the plea contained therein it would have had the right to introduce evidence to prove its payment of a liability of $550.00 previously incurred as surety on the appellant Waddle's bond; and if it had shown by such evidence that the liability was legally imposed and discharged, it would have limited its liability in the instant case to the remaining $450.00 of the penalty named in the bond. The amount of damages awarded by the verdict and judgment greatly exceeds that sum. The fact that appellee's right to recover against the appellant Waddle, principal in the bond, was not limited to the amount of the bond, gave him no right to recover of the surety any sum in excess of its legal liability thereon, which, if its defense of partial satisfaction had been made good by proof, could in no event have exceeded $450.00 of the $1,000.00 named as the penalty therein.

Appellants also complain of the admission by the trial court of the testimony of certain witnesses, friends of appellee, as to the refusal of the appellant Waddle, following the former's arrest, to permit them to give bail in his behalf that he might be released from prison until required to appear before the police court of the city of Somerset. The evidence complained of was incompetent and its admission error. As previously stated, appellee was arrested at eight o'clock at night and his confinement in jail immediately followed and continued until nine o'clock a. m. of the next day. The offense for which appellee was arrested was a bailable one, but the appellant Waddle was without authority to grant him bail. That power was lodged in the judge of the police court, before whom appellee could not be pre-

sented until the morning following his arrest, as was done. Section 3498, Kentucky Statutes, provides:

"Persons arrested for any bailable offense may be placed in the station house or county jail, if necessary for safe keeping, until taken before the police court for examination."

It will, therefore, be seen that the appellant Waddle, in refusing to accept bail for appellee after his arrest, neither failed to perform a duty that devolved upon him as a peace officer, nor violated any right of the appellee. Myers v. Dunn, 126 Ky., 548; Pepper v. Mays, 81 Ky., 678.

The testimony in question was necessarily prejudicial to the appellants, as it was calculated to superinduce in the minds of the jury an impression or belief that appellee had been unnecessarily and illegally restrained of his liberty.

It is insisted for appellants that the refusal of the trial court to peremptorily instruct the jury to find for them, as requested at the conclusion of the appellee's evidence, and following the introduction of all the evidence, was error. This contention is rested upon the claim that the averment of the answer that appellee, upon appearing before the police court, confessed he was drunk and disorderly at the time of his arrest, is undenied by the reply. We regard this contention unwarranted by the pleadings referred to. The answer, following its statements as to the alleged drunken condition and disorderly conduct of appellee at the time of his arrest and his subsequent arraignment before the police court under the charge of being drunk and disorderly, alleges, in substance, that he confessed he was drunk when arrested by Waddle, and entered a plea of guilty to the charge against him. The reply not only contains a general traverse of the averments of the answer, but it specifically denies its averments that he was drunk or disorderly in the presence of Waddle, or that such was his condition when arrested, or that on the morning following his arrest a charge of being drunk and disorderly at the time of his arrest was made against him in the police court; and, further, specifically denies that he in open court, or at all, entered a plea of guilty to such charge, or any charge, made against him.

A confession of guilt in open court is, in effect, a plea of guilty, and the reply's denial of the averment of

the answer that appellee entered in open court a plea of guilty to the charge of being drunk and disorderly when arrested, is broad enough and, at the same time, sufficiently specific, to constitute a denial of the allegation of the answer that he made confession in open court of his guilt of the charge preferred. Considered separately and as a whole, the denials of the reply clearly put in issue the question whether appellee was drunk and disorderly, or either, at the time of his arrest by the appellant Waddle; and also whether he pleaded or confessed his guilt thereof when taken before the police court. If correct in our construction of the pleadings, it follows that appellants were not entitled to the peremptory instruction asked, therefore the refusal of the court to grant it was not error.

As the grounds thus far considered and passed on will compel the reversal of the judgment appealed from, it will be unnecessary to discuss appellant's objections to the instructions. There must be a retrial of the case, and as the additional defense appellants will then be allowed to rely on, will necessitate the introduction of evidence, both by appellants and appellee, not heard on the last trial, we are not prepared to say whether the instructions given by the court on that trial should again be given.

For the reasons indicated the judgment is reversed and cause remanded, with directions to the circuit court to set aside the order sustaining the demurrer to the joint and separate amended answer of the appellants, and that sustaining the demurrer to the separate answer of the appellant National Surety Company, and to enter in lieu thereof an order overruling each of the demurrers; also to grant appellants a new trial in conformity to the requirements of the opinion.