**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Harry W. ROBERTS, Jr., Respondent.**

Supreme Court of Kentucky.

March 20, 1979.

Leslie G. Whitmer, Director, Kentucky Bar Ass'n, Frankfort, Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

James D. Paitsel, Jr., Warren, Warren & Paitsel, Fulton, for respondent.

PER CURIAM:

In this disciplinary proceeding the Kentucky Bar Association charged Harry W. Roberts, Jr., a Clinton, Kentucky, attorney and a member of the Kentucky Bar Association, with engaging in unprofessional and unethical conduct calculated to bring the bench and bar of Kentucky into disrepute. Roberts was charged with undertaking to represent a client in a lawsuit against another client while representing the latter client in a separate but related action.

The sole issue raised by Roberts' answer and response was whether his actions constituted unprofessional conduct calculated to bring the bench and bar into disrepute. Because the facts were not in dispute, the Board of Governors of the Kentucky Bar Association did not appoint a trial commissioner to hear evidence. SCR 3.210.

The Board of Governors considered the pleadings, briefs and exhibits. By a roll call vote, 15 of the 16 members of the board found Roberts guilty of unprofessional conduct. A majority of the board recommended to this court that Roberts be suspended from the practice of law for one year and required to pay the costs of this action.

The conduct complained of concerns a disputed construction contract. In 1975, Dr. Robert Jackson started construction of an office building in Clinton. Jackson contracted Keith Akin to supervise the construction. As supervisor, Akin entered an agreement with Ray Wyatt, D/B/A Mid-States Glass Company, under which Wyatt was to install windows and doors in Jackson's building. During the course of construction, Akin advanced $5,000.00 to Wyatt on behalf of Jackson.

Conflicts arose between the glass subcontractor and Jackson. As a result, in 1976, Wyatt brought an action against Jackson, seeking payment for services rendered. Jackson hired the respondent, Harry W. Roberts, Jr., to represent him in that action.

While the *Wyatt v. Jackson* suit was still pending, Keith Akin contacted Roberts regarding money owed Akin by Jackson. Jackson had advertised his intention to sell his property at public auction on March 4, 1978, and Akin feared he would be unable to recover both the $5,000.00 advanced to Wyatt and the reasonable value of his services as Jackson's supervisor. The respondent, who had been Akin's retained counsel for over 15 years, filed a complaint and order of attachment against Jackson on behalf of Akin on March 2, 1978.

Plans for initiating the second lawsuit were not mentioned by Roberts to Jackson prior to filing; Jackson discovered that his attorney was representing Akin in the subsequent proceeding upon service of the summons and complaint. After being told by Roberts that his dual representation did not present a conflict of interest, Jackson filed a complaint with the Kentucky Bar Association. Roberts thereupon terminated his representation of Jackson.

The Kentucky Bar Association contends Roberts violated Disciplinary Rule 5–105 and Ethical Considerations 5–14 and 5–15 of the American Bar Association's Code of Professional Responsibility by representing a party adverse to his first client, Jackson, while his representation of Jackson continued. The Supreme Court of Kentucky has adopted the ABA's Code of Professional Responsibility as the standard of conduct required of members of the bar. SCR 3.130.

DR 5–105 provides in pertinent part:

"(A) A lawyer shall decline proferred employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5–105(C).

"(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5–105(C).

"(C) In the situations covered by DR 5–105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each."

EC 5–14 provides:

"Maintaining the independence of professional judgment required of a lawyer precludes his acceptance or continuation of employment that will adversely affect his judgment on behalf of or dilute his loyalty to a client. This problem arises whenever a lawyer is asked to represent two or more clients who may have been differing interests, whether such interests be conflicting, inconsistent, diverse, or otherwise discordant."

EC 5–15 provides guidance to an attorney faced with a potential conflict of interest:

"If a lawyer is requested to undertake or to continue representation of multiple clients having potentially differing interests, he must weigh carefully the possibility that his judgment may be impaired or his loyalty divided if he accepts or continues the employment. He should resolve all doubts against the propriety of the representation. A lawyer should never represent in litigation multiple clients with differing interests; and there are few situations in which he would be justified in representing in litigation multiple clients with potentially differing interests."

The Kentucky Bar Association submits that Roberts' dual representation created an actual conflict of interest. This conflict exists because the two lawsuits arose from a common fact situation and are inseparately related. It asserts Roberts' concurrent employment by both Akin and Jackson potentially permitted him to use a confidential communication of Jackson to Jackson's detriment. The bar association contends that Roberts breached the fiduciary duty of loyalty owed to Jackson by accepting employment from Akin without first obtaining Jackson's consent.

In response, Roberts argues he did not represent conflicting interests. He submits that the outcome of either of the two actions would have no effect on the other action because they involved entirely distinct issues. He further contends he had no choice but to undertake representation of Akin, his client of long standing.

This court concludes that Roberts' conduct contravened DR 5–105. Regardless of whether his actions created an actual conflict of interest, they created a potential conflict between the interests of Akin and those of Jackson. The court is persuaded that Roberts is innocent of any intentional wrongdoing and recognizes that his misconduct caused no actual harm to either client. Nevertheless, the circumstances of the two lawsuits had the potential to affect the exercise of Roberts' independent professional judgment on behalf of his two clients. Roberts erred in failing to advise both Jackson and Akin of those circumstances and in failing to obtain the consent of each to the multiple representation prior to accepting employment by Akin.

This court feels that a 90-day suspension is sufficient. Therefore, Roberts is hereby suspended from the practice of law for a period of 90 days and ordered to pay the costs of this proceeding.

All concur except CLAYTON, J., who is not sitting.