OFFICE OF DISCIPLINARY COUNSEL *v.* MAZER.

[Cite as *Disciplinary Counsel v. Mazer* (1999), 86 Ohio St.3d 185.]

(No. 98–2659—Submitted May 4, 1999—Decided July 21, 1999.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Kenneth R. Donchatz,* Assistant Disciplinary Counsel, for relator.

*James Caruso,* for respondent.

***Per Curiam.*** We adopt the findings and conclusions of the board. For the following reasons, however, we believe that a more severe sanction is warranted. DR 5–105(B) provides that "[a] lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is *likely to be adversely affected* by his representation of another client, except to the extent permitted under DR 5–105(C)." (Emphasis added.) DR 5–105(C) permits an attorney to represent multiple clients "if *it is obvious that he can adequately represent the interest of each* and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each." (Emphasis added.)

Here, respondent himself acknowledged in 1993 to Crites's then-attorney in the state court litigation that the interests of Demmler and Crites contained "clear and distinct differences." The common pleas court subsequently determined

these concerns to be substantial enough to merit including a provision in the settlement agreement to settle any dispute between Demmler and Crites regarding the distribution of the settlement proceeds. On the day that Crites fired respondent, Crites sent respondent a facsimile transmission that referred to disagreements between himself and Demmler.

Based on this evidence, it was "likely" that respondent's continued representation of both Demmler and Crites in the state court litigation would adversely affect his clients and it was far from "obvious" that he could adequately represent both Demmler's and Crites's interests. DR 5–105(B) and (C). In addition, neither of the written consents to representation of multiple clients executed by Demmler and Crites applied to the state court litigation's $900,000 settlement option. Therefore, respondent's conduct manifestly violated DR 5–105(B).

We further concur in the board's conclusion that respondent violated DR 5–106(A).

In sum, "[a] lawyer should never represent in litigation multiple clients with differing interests; and *there are few situations in which he would be justified in representing in litigation multiple clients with potentially differing interests.*" (Emphasis added.) EC 5–15. Respondent's continued representation of Demmler and Crites, whom he had previously noted to have "clear and distinct" interests, is not one of those few justifiable situations. Regardless of whether respondent's conduct created an actual conflict of interest, it created a *potential* conflict of interest, which is sufficient to violate DR 5–105(B). See, *e.g., Kentucky Bar Assn. v. Roberts* (Ky.1979), 579 S.W.2d 107, 109.

In considering respondent's violations of DR 5–105(B) and 5–106(A) and his previous violation of a comparable Disciplinary Rule, we find that a six-month suspension is appropriate. See *Cuyahoga Cty. Bar Assn. v. Schmelzer* (1999), 84 Ohio St.3d 382, 704 N.E.2d 243; *Cleveland Bar Assn. v. Podor* (1995), 72 Ohio St.3d 40, 647 N.E.2d 470; and *Columbus Bar Assn. v. Ewing* (1992), 63 Ohio St.3d 377, 588 N.E.2d 783, where we imposed a similar sanction for comparable violations of DR 5–105; see, also, *Toledo Bar Assn. v. Westmeyer* (1991), 58 Ohio St.3d 38, 40, 567 N.E.2d 1016, 1018 ("[R]espondent's prior misconduct, based on similar charges, is relevant to the choice of sanction."). Respondent is hereby suspended from the practice of law for six months. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, COOK and HOFFMAN, JJ., concur.

PFEIFER, J., dissents and would publicly reprimand respondent.

DOUGLAS and PETREE, JJ., dissent and would dismiss the cause against respondent.

CHARLES R. PETREE, J., of the Tenth Appellate District, sitting for RESNICK, J.

WILLIAM B. HOFFMAN, J., of the Fifth Appellate District, sitting for LUNDBERG STRATTON, J.